UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|          Plaintiff, ) | NO.   CR-05-2128-WFN |
|   -vs- ) | ORDER |
| ARMANDO GUZMAN, ) | |
|          Defendant. ) | |

A bail review hearing was held January 12, 2006. Pending before the Court was the Defendant's Motion for Amendment/Revocation of the Order of Detention. (Ct. Recs. 52, 57). The Defendant, who is in custody, was present and represented by Richard Smith; Assistant United States Attorney James Hagarty represented the Government.

The Court conducted an evidentiary hearing, heard argument of counsel, reviewed the file, and is fully informed. For the reasons discussed below, the Defendant's motion shall be denied.

**I.   Standard of Review**

18 U.S.C. § 3145(b) provides that when a person is detained by a magistrate judge, the Defendant may file a motion for revocation or amendment of the order. The statute requires that the motion be determined promptly. The Court's standard of review is *de novo*, with no deference being given to the magistrate's findings. *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990). *De novo* in this context means that the Court should review the evidence that was before the magistrate and make an independent determination on the

ORDER - 1

evidence as to whether release is appropriate. *Id*. at 1193. "If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate." *Id*.

**II.    Background**

On November 9, 2005, the Defendant was Indicted for (1) Possession of an Unregistered Firearm (a short-barreled rifle) in violation of 26 U.S.C. § 5861(d); and (2) Dealing in Firearms Without a License in violation of 18 U.S.C. § 922(a)(1)(A). On November 28, 2005, Magistrate Judge Cynthia Imbrogno entered an Order of Detention, finding that the Defendant posed a present risk to the safety of other persons or the community. A review hearing was held on December 22, 2005, where the defense presented new evidence to clarify the contents of a recorded phone conversation between the Defendant and another individual. Judge Imbrogno accepted this new evidence, but denied the Defendant's motion for release because there was still sufficient evidence to support the finding that the Defendant was a danger to the community.

At the January 12, 2006 hearing, the parties were prepared to present testimony from the ATF case agent, the Defendant's union representative from the United States Postal Service, and United States Probation Officer Jim Moon. However, the parties opted to waive direct and cross-examination and stipulated to the facts these witnesses would establish.

The evidence establishes that the Defendant has been a Yakima area resident since 1988. The Defendant has one criminal conviction for driving under the influence. He served in the army from 1989 through 1992, and was a member of the reserves and National Guard from 1992 through 1998. Up until the time of his arrest, the Defendant was employed by the United States Postal Service as a city letter carrier. The Defendant's union representative was at the January 12, 2006 hearing. The Court was advised that the Defendant has been suspended, but is pursuing the grievance process.

ORDER - 2

The evidence further establishes that the Defendant has purchased seventy-one hand guns since 1993. Of these, approximately thirty were either Colt .38 Supers or Colt .45's. The .38 is a readily concealable weapon and it the most smuggled weapon into Mexico. During the execution of a search warrant, three firearms were located. One hand gun was found wrapped in saran-wrap, which is consistent with smuggling. Also located was a Colt, model Law Enforcement Carbine, 5.56 mm caliber rifle, with a barrel length of 12 5/8 inches. The legal length for a rifle is 16 inches.

Five of the firearms that the Defendant had purchased between 1993 and 2005 were recovered as "crime guns." This means that the weapon was recovered from an individual who was the subject of a law enforcement investigation or from the scene of a crime. The remainder of the firearms have not been recovered.

There is also evidence that the Defendant may be associated with individuals who are the targets of ongoing DEA investigations. The Defendant was residing with Moises Solorio, who has been indicted for conspiracy to distribute controlled substances and use of a communication facility. The Defendant is also suspected of having ties to the *Rivera* narcotics organization.

**III.   Crime of Violence Analysis**

The parties agree that the first issue the Court must resolve is whether detention is authorized under the Bail Reform Act, 18 U.S.C. § 3141, *et seq*. Defendant argues that the Court does not have the authority to detain him under the statute because he has not been charged with a "crime of violence." The Court disagrees.

The term "crime of violence," as it is used in the Bail Reform Act, includes "any... offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156. In *United States v. Dunn*, 946 F.2d 615 (9th Cir. 1991), the court

ORDER - 3

held that the possession of an unregistered firearm was a "crime of violence" as it is defined by 18 U.S.C. § 16. The *Dunn* court opined:

> The possession of an unregistered firearm of the kind defined in § 5845, ***even if by a non-felon***, involves a similarly blatant disregard for law and a substantial risk of improper physical force. An individual who keeps a firearm of that kind for lawful purposes will recognize the need to register the weapon as evidence of lawful intent. We affirm the district court's holding that possession of an unregistered firearm is ***presumptive evidence of unlawful violent intentions*** and, therefore, involves the substantial risk of violence necessary to label the possession a crime of violence under § 16(b).

946 F.2d at 621 (emphasis added).

The Defendant is charged in Count 1 with the possession of a Colt, model Law Enforcement Carbine, 5.56 mm caliber rifle, with a barrel length of 12 5/8 inches. The legal length for a rifle is 16 inches. The possession of an unregistered weapon of this nature, even by a non-prohibited person, is a violation of the law. This weapon is also in the class of weapons that Congress has found to be "inherently dangerous and generally lacking in usefulness, except for violent and criminal purposes, such as sawed-off shotguns and hand grenades." *Dunn*, at 621. Under the reasoning of *Dunn*, the Court finds that Count 1 of the Indictment is a "crime of violence" under the Bail Reform Act.

**IV.   Safety to the Community Analysis**

Having determined that the possession of an unregistered firearm is a "crime of violence," the Court must determine whether the Government has established by clear and convincing evidence that the Defendant poses a present risk to the safety of the community.

The Bail Reform Act of 1984, 18 U.S.C. § 3141, et seq., requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c). "[D]oubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The factors

ORDER - 4

1  to be considered by the judicial officer are listed in 18 U.S.C. § 3142(g) and include: (1) the
2  nature and circumstances of the offense; (2) the weight of the evidence against the person; (3)
3  the history and characteristics of the person (character, physical/mental condition, family ties,
4  employment, financial resources, ties to the community, past criminal history or history of
5  drug or alcohol abuse); and (4) the nature and seriousness of the danger to any person or the
6  community that would be posed by the person's release.  Of the factors to be considered, the
7  weight of the evidence "is the least important." *Motamedi*, 767 F.2d at 1408.   The statute
8  does not allow the Court to make a pretrial determination that the person is guilty, but the
9  Court may consider the evidence against the defendant as it bears on the likelihood that he
10 will fail to appear or pose a danger to any person or the community.  *Id*.

11      Based on the evidence presented to Magistrate Judge Cynthia Imbrogno, and the
12 evidence presented to this Court on January 12, 2006, the Court **FINDS** as follows:

13      1.   The Defendant is charged with the possession of a short-barrel rifle, an weapon
14 which establishes presumptive evidence of unlawful intentions;

15      2.   The Defendant has purchased seventy-one hand guns since 1993;

16      3.   Of the seventy-one firearms purchased, approximately thirty were either Colt .38
17 Supers or Colt .45's;

18      4.   The .38 is a readily concealable weapon and it the most smuggled weapon into
19 Mexico. During the search of the Defendant's residence, one hand gun was found wrapped
20 in saran-wrap, which is consistent with smuggling;

21      5.   Of the seventy-one firearms purchased, five have been recovered as "crime guns;"

22      6.   Of the seventy-one firearms purchased, approximately sixty are unaccounted for;

23      7.   There is evidence that the Defendant is associated with individuals who are the
24 subject of ongoing DEA investigations; and

25      8.   Based on the foregoing, there are no conditions of release which would reasonably
26 assure the safety of other persons or the community.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for Amendment/Revocation of the Order of Detention (Ct. Recs. 52, 57) is **DENIED**.  Defendant shall remain **DETAINED** pending disposition of this case or until further order of the Court.

The District Court Executive is directed to file this Order and provide copies to counsel AND TO United States Probation Officer Jim Moon.

**DATED** this 13th day of January, 2006.

01-13

                                       s/ Wm. Fremming Nielsen
                                       WM. FREMMING NIELSEN
                        SENIOR UNITED STATED DISTRICT JUDGE

ORDER - 6